UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO, et al.,

   Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT NICOLO MARIANI'S MOTION TO SEVER HIS TRIAL FROM THE TRIAL OF HIS CO-DEFENDANT MARCO MINUTO AND MOTION TO UNSEAL THE AFFIDAVIT OF MINUTO'S COUNSEL IN SUPPORT OF THE SEVERANCE MOTION**

  Comes now the United States and hereby files: 1) The Government's Response to the Defendant Mariani's Motion to Sever and 2) A Motion to Unseal the Affidavit Filed by Minuto's Counsel in Support of Mariani's Motion to Sever.

I Introduction

  This prosecution of the Defendants Marco Minuto and Nicol Marani is the culmination of a lengthy investigation involving the use of court authorized electronic surveillance into the racketeering activity of Marco Minuto, a made member of, and soldier in, the Luchese Organized Crime Family. Both Minuto and Mariani are charged with, <u>inter alia</u>, violations of the Racketeer Influenced and Corrupt Organization Statute (RICO). Specifically, Minuto and Mariani are charged with conspiracy to violate RICO, 18 U.S.C. § 1962(d), with the underlying pattern of

racketeering activity consisting of multiple violations involving the following crimes: illegal gambling, 18 U.S.C. § 1955; money laundering, 18 U.S.C. § 1956; collecting extensions of credit by extortionate means, 18 U.S.C. § 894; the sale and receipt of stolen property, 18 U.S.C. § 659; bank fraud, 18 U.S.C. § 1344; fraud in connection with identification documents, 18 U.S.C. § 1028; mail fraud, 18 U.S.C. § 1341; the transmission of wagering information, 18 U.S.C. § 1084; obstruction of justice, 18 U.S.C. § 1503; and interference with commerce by extortion, 18 U.S.C. § 1951. These criminal acts arise out of an illegal sports bookmaking operation conducted by members and associates of the Luchese organized crime family in South Florida and New York.

Mariani seeks to sever his case from that of his co-defendant Minuto and asserts that Minuto will provide exculpatory testimony favorable to Mariani if Mariani were tried separately from Minuto. Accordingly, Mariani asserts that he is entitled to a severance under <u>Byrd v. Wainwright</u>, 428 F.2d 1017 (5th Cir. 1970) and its progeny. In support of his claim, Mariani has submitted an <u>ex parte</u> sealed affidavit of Minuto's lawyer that purports to outline the exculpatory nature of Minuto's testimony. The United States has, of course, not been able to review this affidavit. This procedure is grossly insufficient in order to demonstrate the heavy burden a defendant bears to secure a severance. Moreover, the conclusory allegations set forth in

Mariani's motion concerning the exculpatory nature of Minuto's testimony is insufficient to demonstrate the need for a severance under Byrd.

## II Applicable Legal Standard

A defendant's motion for severance based on the need for a co-defendant's testimony must initially demonstrate: 1) a bona fide need for the co-defendant's testimony; 2) the substance of the testimony; 3) the exculpatory nature of the testimony; 4) that the co-defendant will actually testify. United States v. Smith, 918 F.2d 1551, 1560 (11th Cir. 1990); United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989); Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970). If this showing is made then the district court must determine the significance of the testimony, the prejudice caused by the absence of the testimony, the timeliness of the motion and the effect on judicial administration and economy of resources. The decision whether or not to grant a severance is within the discretion of the district court and is reviewed on appeal only for an abuse of that discretion. United States v. Smith, 918 F.2d at 1561; United States v. Leavitt, 878 F.2d at 1340.

In order to meet the initial four part test the defendant is required to present specific exonerative facts to which the co-defendant would testify if a severance were granted. Mere conclusory allegations that the defendant and prospective witness

3

did not conspire or commit the crime with the co-defendant are insufficient to require a severance. In <u>United States v. Harris</u>, 908 F.2d 728, 739 (11th Cir. 1990) the Eleventh Circuit upheld the district court's decision to deny a severance and observed that, "the affidavits in this case contain only conclusory assertions that the affiants did not conspire with [defendant] nor he with them. The affidavits do not attest that the co-defendants were innocent bystanders as suggested by [defendant], but if they did such assertion would be self-serving and would undermine the credibility of the affidavits."

Similar conclusions have been reached by the Eleventh Circuit in a variety of factual contexts. These decisions make it clear that a defendant must demonstrate detailed specific facts that would exonerate the defendant <u>and</u> that the co-defendant and prospective witness would in fact testify. <u>United States v. Funt</u>, 896 F.2d 1288, 1298 (11th Cir. 1990)(upholding denial of severance and holding that an offer to testify conditionally upon being effectively removed from jeopardy or upon future evidentiary rulings does not satisfy the four part test); <u>United States v. Machado</u>, 804 F.2d 1537, 1544 (11th Cir. 1986)(affidavit containing general denials of criminal involvement insufficient to require severance); <u>United States v. Pepe</u>, 747 F.2d 632, 651 (11th Cir. 1984)(affidavit insufficient to require severance because it "it consisted of almost

4

exclusively of bare denials, devoid of any specific exonerative facts."); United States v. Harrell, 737 F.2d 971, 976 (11th Cir. 1984) (affidavit that stated "I will testify that [defendant] has no involvement with controlled substance transaction" was insufficient to require severance because "these wisps of allegations" were bare and conclusory); United States v. DeSimone, 660 F.2d 532, 540 (11th Cir. 1981) (same).

Moreover, although not always strictly required, the proffered testimony of the co-defendant and prospective witness would generally need to be against his or her penal interest in order to demonstrate the need for a separate trial. If the proffered testimony were not against the penal interest of the co-defendant and prospective witness then the need for a separate trial would generally not be established. United Staes v. Harris, 908 F.2d 728, 739 (11th Cir. 1990); United States v. Machado, 804 F.2d 1537, 1544 n. 14 (11th Cir. 1986); United States v. Johnson, 713 F.2d 633, 641 (11th cir. 1983); United States v. Pepe, 747 F.2d 632, 651 (11th Cir. 1984).

III Mariani Has Failed to Demonstrate a Need For Severance

Mariani has failed to even demonstrate the initial four part test as set forth above. First, Mariani has failed to demonstrate specif and detailed facts to which Minuto would testify that would exonerate Mariani. Rather the motion simply sets forth the conclusory statement that Minuto would testify

5

that Mariani did not participate and did not conspire to participate in the use of any extortionate means to collect any extensions of credit. (Mariani Motion at p.2). This is precisely the type of vague denial of criminal activity that has repeatedly been held to be insufficient to require a severance under <u>Byrd</u> and its progeny. <u>United States v. Harris</u>, 908 F.2d at 739; <u>United States v. Machado</u>, 804 F.2d at 1544; <u>United States v. Pepe</u>, 747 F.2d at 651; <u>United States v. Harrell</u>, 737 F.2d at 976; <u>United States v. DeSimone</u>, 660 F.2d at 540. Moreover, because the affidavit of Minuto's counsel is filed under seal the United States is not able to evaluate the asserted facts set forth in the affidavit. Accordingly, the United States requests that the affidavit be unsealed or that it be given no consideration in this motion.[1]

Secondly, Mariani has in no manner demonstrated that Minuto would, in fact, testify at a trial. Indeed, Minuto, has not even executed an affidavit setting forth the nature of his testimony. This fact, standing alone, speaks volumes as to the likelihood

---

[1] The motion to seal the affidavit does not set forth sufficient facts to justify that it be sealed. Often <u>ex parte</u> communications with the Court are proper, e.g., when a court appointed defendant is requesting investigative or expert witness fees or when the government is making an <u>in camera</u> disclosure concerning informants. There is no basis, however, for a sealed affidavit to be considered in a <u>Byrd</u> motion and counsel cites to no case that granted a severance based on a sealed pleading. In order to more properly respond to the motion to sever, the United States requests that the Court order the affidavit of Minuto's counsel be unsealed.

that Minuto would actually testify at Mariani's trial. The fact that the proffered evidence consists of a sealed affidavit of Minuto's lawyer is powerful evidence that Minuto would <u>not</u> be willing to testify at trial. Accordingly, Maraini has failed to establish the fourth prong of the preliminary test for a <u>Byrd</u> severance. <u>United States v. Funt</u>, 896 F.2d 1288, 1298 (11th Cir. 1990)(upholding denial of severance and holding that an offer to testify conditionally upon being effectively removed from jeopardy or upon future evidentiary rulings does not satisfy the four part test).

Thirdly, if the proposed testimony of Minuto is as set forth in Mariani's severance motion, then it is nothing but a self-serving statement that neither he nor Mariani were guilty of extortion. That type of self-serving statement fails to demonstrate the need for a separate trial. <u>United States v. Harris</u>, 908 F.2d at 739; <u>United States v. Machado</u>, 804 F.2d at 1544 n. 14; <u>United States v. Johnson</u>, 713 F.2d at 641; <u>United States v. Pepe</u>, 747 F.2d at 651.

IV <u>Conclusion</u>

The Motion to sever should be denied and the affidavit of

Minuto's counsel should be unsealed so that the government may more appropriately respond to the proffered testimony of Minuto.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Michael J. Dittoe* (signature)
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 27th day of July, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY