00-6088.oe

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6088 CR UUB

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

MARCO MINUTO, et al

     Defendant.

_____/



## ORDER DENYING MOTION FOR SEVERANCE

**This matter** is before this Court on Defendant Nicolo Mariani's Motion to Sever His Trial From the Trial of His Co-Defendant Marco Minuto (D.E. 223). The Court having reviewed the motion and the response, and being otherwise fully advised in the premises, **FINDS** as follows:

Defendant Mariani requests a severance on the grounds that he would be prevented from calling to the stand Co-Defendant Marco Minuto, who, Defendant maintains, would otherwise provide exculpatory testimony but will seek to exercise the privilege against self-incrimination. In the Eleventh Circuit, a defendant's motion for severance based on the need for a co-defendant's testimony must demonstrate: " (1) a bona fide need for the defendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the codefendant will actually testify." United States v. Leavitt, 878 F.2d 1329,1340 (11th Cir. 1989) (citing Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970)).

Defendant has submitted an ex-parte sealed affidavit of counsel for Defendant Minuto, which, Defendant states, "makes clear, Mr. Munuto would testify that Mr. Mariani did not participate

and did not conspire to participate in the use of extortionate means to collect any extensions of

credit, including any extensions of credit from the owner of Preferred Travel and Tickets, Inc.."

Even assuming that this affidavit satisfies the criteria set forth above, this Court must then consider

the following factors in determining whether Defendant is entitled to a severance:

> (1) the significance of the testimony in relation to the defenses, (2) the extent
> of the prejudice caused by the absence of the testimony, (3) the effect of
> severance on judicial economy and the administration of justice, and (4) the
> timeliness of the motion.

United States v. DiBernardo, 880 F.2d 1216, 1228 (11th Cir. 1989).  Upon consideration of these

factors, the Court finds that Defendant Mariani is not entitled to a severance.

Defendant argues that the above testimony is relevant to his defense as to Count 5, which

charges conspiracy to participate in the use of extortionate means to collect extensions of credit and

Count 6, which charges the use of extortionate means to collect an extension of credit from the

owner of Preferred Travel and Tickets, Inc.. Defendant Mariani is also charged in Count 1 with a

RICO conspiracy. Although the alleged use of actual or threatened force to collect debts is alleged

as one of the acts which made up the pattern of racketeering activity, the other illegal acts which the

defendants allegedly agreed to commit include conducting an illegal gambling business, money

laundering and conspiracy to commit money laundering, sale and receipt of stolen goods, bank fraud,

fraud in connection with identification documents, mail fraud, transmission of wagering information,

obstruction of justice, and interference with commerce by extortion. In the Manner and Means

portion of the indictment, it is alleged that it was part of the conspiracy that Defendant Mariani, in

addition to collecting gambling debts by violence or threats thereof, would personally (1) participate

in selling property stolen from other interstate shipments for the benefit of the enterprise; (2) use

counterfeit checks in order to obtain money and property from various victims for the benefit of the

enterprise; (3) use fraudulent identification documents as a means to obtain money and property from

various victims for the benefit of the enterprise; and (4) endeavor to obstruct justice by directing witnesses to testify falsely before a federal grand jury investigating the criminal activities of the enterprise.  Ind. ¶19, 20, 21, 22.   Defendant is additionally charged in Count 7 with conducting an illegal gambling business.

The affidavit offered in support of the motion clearly limits itself to the allegations contained in Counts 5 and 6 of the indictment, relating to Preferred Travel and Tickets.  To the extent the affidavit seeks to exonerate Defendant Mariani as to extortion concerning other individuals in Count 5, the affidavit is conclusory.  Furthermore, the affidavit does not exculpate Defendant with respect to the overall racketeering conspiracy alleged in the indictment, the other activity which the "Manner and Means" section alleges Defendant would commit, or the substantive gambling business charge.  The Eleventh Circuit has stated that in general, persons charged together should be tried together. United States v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987).  The Court has further found that this maxim particularly applies in conspiracy cases.  United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985).

Considering the relationship of the proffered testimony to the overall charges, as well as the interests of judicial economy, its is **ORDERED AND ADJUDGED** that Defendant Nicolo Mariani's Motion to Sever His Trial From the Trial of His Co-Defendant Marco Minuto is hereby **DENIED**.

**DONE AND ORDERED** this 31st day of July, 2001, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Ursula Ungaro Benages
       counsel on attached list

3

## SERVICE LIST

United States v. Marco Minuto, et al.
Case No. 00-6088-Cr-Ungaro-Benages

**Antonio E. Marin, Esq.**
2100 Coral Way
Miami, FL 33145
(305) 857-0209
(305) 854-6107 (Fax)
*(Attorney for Alex Torrente)*

**Michael J. Dittoe, AUSA**
U.S. Attorney's Office
500 E. Broward Boulevard
7th Floor
Ft. Lauderdale, FL 33301
(954) 356-7392
(954) 356-7336 (Fax)
*(Attorney for the Government)*

**Manuel Gonzalez, Jr., Esq.**
782 N.W. 42nd Avenue
Suite 440
Miami, FL 33126
(305) 567-0100
(305) 445-0543 (Fax)
*(Attorney for Nelson Robles)*

**Hosey Hernandez, Esq.**
Coconut Grove Bank Building
2701 S. Bayshore Drive
Coconut Grove, FL 33133
(305) 859-2222
(305) 858-6097 (Fax)
*(Attorney for Angel Hernandez)*

**William J. Hunt, Esq.**
155 Polifly Road
Hackensack, NJ 07601
(201) 457-9200
(201) 996-1669 (Fax)
*(Attorney for Joseph Minuto)*

**Martin R. Raskin, Esq.**
Raskin & Raskin
Grove Forest Plaza, Suite 206
2937 S.W. 27th Avenue
Miami, FL 33133
(305) 444-3400
(305) 445-0266 (Fax)
*(Attorney for Joseph Minuto)*

**Howard M. Srebnick, Esq.**
201 S. Biscayne Blvd.
Miami, Fl 33131
*(Attorney for Marco Minuto)*

**Simon T. Steckel, Esq.**
701 Brickell Avenue
Miami, FL 33131
(305) 373-1900
(305) 536-6495 (Fax)
*(Attorney for Marcello Grasso)*

**Jeffrey S. Weiner, Esq.**
9130 S. Dadeland Boulevard
Miami, FL 33156
(305) 670-9919
(305) 670-9299 (Fax)
*(Attorney for Chris Greco)*

**Bruce A. Zimet, Esq.**
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394
(954) 764-7081
(954) 760-4421 (Fax)
*(Attorney for Nicolo Mariani)*